**FILED**
**NOVEMBER 2, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**07 C 6225**

| | |
|---|---|
| VANS INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CUT FLOWERS WHOLESALE, INC. ) | **JUDGE DER-YEGHIAYAN** |
|     Defendant. ) | **MAGISTRATE JUDGE MASON** |

## COMPLAINT

Plaintiff VANS INC., an Illinois Corporation, by its attorneys hereby complains against Defendant CUT FLOWERS WHOLESALE, INC. ("CUT FLOWERS") as follows:

### THE PARTIES

1. VANS INC. is a corporation organized under the laws of the state of Illinois. VANS INC.'s principal place of business is 3730 W. 131st Street, Alsip, Illinois 60803.

2. CUT FLOWERS is a Georgia Corporation with a place of business at 2122 Faulkner Road NE, Atlanta, Georgia 30324.

### JURISDICTION AND VENUE

3. Jurisdiction in this Court is based on 28 U.S.C. §§ 1331, 1338 and 1367.

4. Venue in this Court is based on 28 U.S.C. § 1391.

### BACKGROUND

5. VANS INC. is a provider of wholesale floral products and services to florists and other retail businesses. VANS INC. began as a single location in Illinois over 40 years ago, and since then has grown to include eight locations across the country, including one in Georgia, that supply floral products and services to customers in many different states.

6. VANS INC. has adopted, uses and owns the trademark VANS alone and together with different designs for use with cut flowers and cut greens, live plants and flowers and flower arrangements, distributorship services to florists of flowers and floral supplies, and floral foam.

7. On February 5, 1985, VANS INC. was granted federal trademark registration No. 1,318,110 for VANS® and design for "Cut Flowers and Cut Greens," in Class 31. (*See* Ex. A). Registration No. 1,318,110 is valid, subsisting and incontestible. On January 19, 1993, VANS INC. was granted federal trademark registration No. 1,747,124 for VANS® and design for "cut flowers and cut greens, live plants and flowers and flower arrangements," in Class 31, "distributorship services to florists of flowers and floral supplies," in Class 42, "floral foam," in Class 20, and "artificial flowers for decoration," in Class 26. (*See* Ex. B). Registration No. 1,747,124 is valid, subsisting and incontestible. On September 19, 1995, VANS INC. was granted federal trademark registration No. 1,919,776 for VANS® and design for "Floral Foam," in Class 20. (*See* Ex. C). Registration No. 1,919,776 is valid, subsisting and incontestible. The VANS trademark and the various VANS® trademark registrations are referred to herein both collectively and singularly as the "VANS trademark."

8. VANS INC. has continuously used its VANS trademark in Illinois and in interstate commerce since at least as early as July 10, 1979. VANS INC. has built and continues to build substantial goodwill in the VANS trademark. The VANS trademark is a valuable asset of VANS INC. VANS INC. relies on the VANS trademark to uphold its reputation as a seller of high quality cut flowers and other floral products and supplies.

9. VANS INC. has extensively advertised its VANS trademark both in Illinois and in many other states.

10. VANS INC. maintains a website at <www.vansinc.com> where it uses the VANS trademark to promote its floral products, floral services and company.

11. CUT FLOWERS is a provider of wholesale floral products and services to florists and other retail businesses. CUT FLOWERS is a direct competitor of VANS INC.

12. CUT FLOWERS maintains a website at <www.cutflower.com> ("the CUT FLOWERS website") where it promotes its floral products, floral services, and company, and solicits contact and emails from customers and potential customers.

13. CUT FLOWERS also has registered the domain <www.cutflowerwholesale.com> which provides an automatic redirection to the CUT FLOWERS website.

14. VANS INC. has not granted a license or any other form of permission to CUT FLOWERS to use the VANS trademark.

**WRONGFUL ACTS**

15. On or about March 22, 2004, CUT FLOWERS registered the domain name <vanswholesale.com> ("the First Infringing Domain Name") and then or shortly after began using the First Infringing Domain Name to divert web traffic to the CUT FLOWERS website. Upon information and belief, CUT FLOWERS intentionally registered the First Infringing Domain Name, an act that it knew would harm Illinois-based VANS INC. in Illinois, its principal place of business.

16. On or about March 22, 2004, CUT FLOWERS registered the domain name <vanswholesaleflorist.com> ("the Second Infringing Domain Name") and then or shortly after began using the Second Infringing Domain Name to divert web traffic to the CUT FLOWERS website. Upon information and belief, CUT FLOWERS intentionally registered the Second Infringing Domain Name, an act that it knew would harm Illinois-based VANS INC. in Illinois, its principal place of business.

17. The First and Second Infringing Domain Names are both registered to CUT FLOWERS.

18. On or about July 20, 2007, a cease and desist letter was sent to Mr. Mike Balsink, President of CUT FLOWERS via fax and Federal Express demanding CUT FLOWERS immediately stop using the First and Second Infringing Domain Names to promote CUT

FLOWERS' products and services, and demanding that the First and Second Infringing Domain Names be transferred to VANS INC. (*See* Ex. D).

19. On or about August 30, 2007, the First and Second Infringing Domain Names ceased to be used to divert web traffic to the CUT FLOWERS website, with an unrelated third party website since then appearing when an Internet user attempts to use the First and Second Infringing Domain Names to find VANS INC.'s website.

20. In a telephone conference with counsel for VANS INC., on September 11, 2007, Mike Balsink demanded payment from VANS INC. of $2,000 for transfer of the First and Second Infringing Domain Names to VANS INC. $2,000 far exceeds CUT FLOWERS' costs for obtaining the First and Second Infringing Domains.

21. On or about September 21, 2007, a second letter was sent to Mr. Mike Balsink, President of CUT FLOWERS via fax and Federal Express, refusing CUT FLOWERS' demand for payment of $2,000 and once again demanding assignment of the infringing Domain Names and payment of VANS INC.'s attorneys fees to date, of approximately $3000. (*See* Ex. E).

22. In a telephone conference with counsel for VANS INC., on September 24, 2007, Mike Balsink continued to demand that VANS INC. purchase the First and Second Infringing Domain Names.

23. On or about October 1, 2007, a third demand letter was sent to Mr. Mike Balsink, President of CUT FLOWERS via fax and Federal Express, again demanding assignment of the First and Second Infringing Domain Names and payment of VANS INC.'s attorneys fees to that date, of approximately $3500. (*See* Ex. F).

24. On information and belief, the First and Second Infringing Domain Names were used in a manner intended to divert potential consumers of VANS INC. to the CUT FLOWERS website where competitive floral products and services were promoted.

25. The VANS trademark was distinctive at the time the First and Second Infringing Domain Names were registered.

26. CUT FLOWERS registered the First and Second Infringing Domain Names with a bad faith intent to profit from the VANS trademark.

27. CUT FLOWERS used the First and Second Infringing Domain Names with a bad faith intent to profit from the VANS trademark.

28. The First Infringing Domain Name <vanswholesale.com> is identical to or is confusingly similar to the VANS trademark.

29. The Second Infringing Domain Name <vanswholesaleflorist.com> is identical to or is confusingly similar to the VANS trademark.

30. The First and Second Infringing Domain Names include the VANS trademark together with other words which merely describe goods and services that the VANS trademark is used with.

31. The current use of the First and Second Infringing Domain Names tarnishes the VANS trademark by creating a perception among consumers seeking to locate the VANS INC. website that VANS INC. does not have an Internet presence.

## COUNT I – Violation of 35 U.S.C. §1114

32. VANS INC. repeats and realleges the allegations in paragraphs 1 – 31.

33. CUT FLOWERS' unauthorized use of the VANS trademark, and/or confusingly similar marks in interstate commerce in connection with flower and floral products has caused and is likely to cause consumer confusion mistake and deception. CUT FLOWERS' aforesaid acts violate 15 U.S.C. §§ 1114(1)(a) and 1114(1)(b).

34. CUT FLOWERS has actual knowledge that the VANS trademark is federally registered, had actual knowledge when it first registered the First and Second Infringing Domains, and CUT FLOWERS' infringement was and continues to be willful.

### COUNT II –Violation of 35 U.S.C. §1125(a)

35. VANS INC. repeats and realleges the allegations in paragraphs 1 – 31.

36. CUT FLOWERS' conduct has and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with VANS INC., or as to the origin, sponsorship, or approval of the Defendant's goods, services, or commercial activities by VANS INC. The Defendant's wrongful acts violate 15 U.S.C. §§ 1125(a)(1)(A) and (B).

### COUNT III - Violation of 35 U.S.C. §1125(d)

37. VANS INC. repeats and realleges the allegations in paragraphs 1 – 31.

38. CUT FLOWERS' aforesaid registration and use of the First and Second Infringing Domain Names for the benefit of CUT FLOWERS constitutes a violation of 35 U.S.C. §1125(d).

### COUNT IV – Violation of 815 ILCS 510/2 Deceptive Trade Practices

39. VANS INC. repeats and realleges the allegations in paragraphs 1 – 31.

40. Defendant's aforesaid conduct violates 815 ILCS 510/2.

### COUNT VI - Common Law Unfair Competition

41. VANS INC. repeats and realleges the allegations in paragraphs 1 – 30.

42. Defendant's conduct has and is likely to cause confusion, mistake and deception of the public. Defendant is willfully engaged in unfair business practices.

### PRAYER FOR RELIEF

The Defendant's conduct has caused damage to, continue to cause damage to, has irreparably harmed, and continues to irreparably harm, VANS INC. Such irreparable harm

includes harm to VANS INC.'s goodwill and reputation in the market. Plaintiff VANS INC. requests the following relief:

A.    Judgment in favor of VANS INC. on all counts;

B.    Temporarily, preliminarily and permanently enjoining the Defendant and all others acting in concert with the Defendant from infringing the VANS trademark under 15 U.S.C. §1116, 810 ILCS 510/3, and other applicable provisions of Federal, State and common law;

C.    Temporarily, preliminarily and permanently enjoining the Defendant and all others acting in concert with the Defendant from engaging in unfair competition in connection with the VANS trademark;

D.    Damages that will be determined by a jury and that are sufficient to compensate VANS INC. for any damages caused by the Defendant under 15 U.S.C. §1117(a)(2) and other applicable provisions of Federal, State and common law;

E.    The Defendant's profits resulting from their conduct under 15 U.S.C. §1117(a)(1) and other applicable provisions of Federal, State and common law;

F.    Treble damages and profits for the Defendant's willful infringement and willful misrepresentation under 15 U.S.C. §1117(b) and other applicable provisions of Federal, State and common law;

G.    Punitive damages for the Defendant's unfair competition;

H.    Transfer of the First and Second Infringing Domain Names to VANS INC.;

I.    Statutory damages under 35 U.S.C. §1117(c);

J.    Statutory damages under 35 U.S.C. §1117(d);

K.    An award of costs and attorneys' fees under 15 U.S.C. §1117(a)(3), 810 ILCS 510/3 and other applicable provisions of Federal, State and common law; and

L.   Such other relief as the Court may deem just and proper.

Respectfully submitted,

VANS INC.

_____
Kevin W. Guynn (3124379)
kguynn@gbclaw.net
Thomas Fitzsimons (6224925)
tfitzsimons@gbclaw.net
GREER, BURNS & CRAIN LTD.
300 W. Wacker Drive
Suite 2500
Chicago, IL 60606
(312) 360-0080
FAX (312) 360-9315
Ill. Reg. No. 6279619
Attorneys for Plaintiff